IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

EVELYN CHAVEZ, *et al.*

    Plaintiffs,

v.      Case No.: GJH-14-1338

BESIE'S CORP., d/b/a
DONA BESSY PUPUSERIA

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses Defendant Besie's Corp.'s Motion to Dismiss Plaintiffs' Maryland Wage Payment and Collection Law ("MWPCL") Claims, ECF No. 9, and accompanying Memorandum, ECF No. 10; Plaintiffs' Opposition, ECF No. 11; Defendant's Reply, ECF No. 12; and Defendant's Notice of Withdrawal of the First Section of Its Memorandum, ECF No. 16. After review of the filings, the Court finds a hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated below, Defendant's Motion to Dismiss the MWPCL claims is GRANTED in part and DENIED in part.

### I.     BACKGROUND

Plaintiffs—Evelyn Chavez, Karla Lizama, Jerry Calderon Argueta, Dinora Melendez, Brenda Campos, and Angelica Albizurez—filed a complaint in this Court on April 21, 2014.[1] The Complaint alleges that Defendant failed to pay each Plaintiff proper minimum wages in

---

[1] This Complaint was first filed incorrectly and was refiled on April 22, 2014. ECF No. 1–3.

violation of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 *et seq.*), the Maryland Wage Payment and Collection Law ("MWPCL") (Md. Code, Labor and Employment Article ("LE"), § 3-501 *et seq.*), and the Maryland Wage and Hour Law ("MWHL") (Md. Code, LE § 3-401 *et seq.*), and failed to pay each Plaintiff proper overtime wages in violation of the FLSA and the MWPCL. ECF No. 3. Defendant Besie's Corp. filed an Answer and the pending motion on May 22, 2014. ECF No. 8–10.

Accepting the facts that Plaintiffs allege in their Complaint as true, s*ee Aziz v. Alcoac*, 658 F.3d 388, 391 (4th Cir. 2011), Plaintiffs worked for Defendant at one of its three restaurants, located in Gaithersburg, Maryland. Compl. ¶¶ 1–2. Defendant is an "employer" under the FLSA, MWPCL, and MWHL. *Id.* at ¶ 12. The following chart represents the total hours (with a separate column representing overtime hours) that each Plaintiff worked during the three years preceding this lawsuit, the minimum wages that each Plaintiff earned and should have been paid during the three years preceding this lawsuit, and the overtime wages that each Plaintiff earned and should have been paid during the three years preceding this lawsuit. *Id.* ¶ 5-8.

| Plaintiff | Total Hours | Overtime Hours | Minimum Wages Earned | Overtime Wages Earned |
|---|---|---|---|---|
| Melendez | 2,420 | 660 | $17,545.00 | $2,393.00 |
| Albizurez | 1,440 | 680 | $10,440.00 | $2,465.00 |
| Chavez | 3,075 | 507 | $22,294.00 | $1,838.00 |
| Campos | 4,716 | 1,890 | $34,191.00 | $6,851.00 |
| Argueta | 2,400 | 400 | $17,400.00 | $1,450.00 |
| Lizama | 1,440 | 160 | $10,440.00 | $580.00 |

Defendant scheduled and authorized the above hours for each Plaintiff. *Id.* at ¶ 6. Defendant paid some of the Plaintiffs a small amount of money during the course of the employment, but Plaintiffs believe that the amount did not collectively exceed $5,000.00. *Id.* at ¶ 10. Plaintiffs did receive payment in the form of tips from customers. *Id.* at ¶ 11. Plaintiffs seek unpaid wages, liquidated damages, prejudgment interest, and reasonable attorney's fees and costs. *Id.* at ¶¶ 16–50.

**II.      STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. To survive a motion to dismiss invoking 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 545 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

### III. DISCUSSION

#### a. The Scope of Maryland's Wage and Payment Collection Law

Plaintiffs claim that Defendant failed to pay proper minimum wages in violation of federal law (the FLSA) and Maryland law (the MWHL and the MWPCL). The FLSA sets a minimum wage, requiring every employer to pay employees not less than $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). The MWHL parallels the FLSA and sets a minimum wage for Maryland. Md. Code, LE § 3-413. The MWPCL requires an employer to set regular pay periods and pay each employee at least once every two weeks or twice a month. Md. Code, LE § 3-502(a)(1). Further, under the MWPCL, "[a]n employer may not make a deduction from the wage of an employee" accept under certain conditions. Md. Code, LE § 3-503. Additionally, § 3-505(a) of the MWPCL requires that the employer pay all wages due on or before the date of termination. Md. Code, LE § 3-505(a).

Defendant seeks to have Plaintiffs' MWPCL claims for minimum wages dismissed, arguing that Defendant could not have violated the MWPCL by failing to pay minimum wages because the MWPCL does not provide a general right to wages. ECF No. 10 at 5. Plaintiffs contend that, under recent Maryland Court of Appeals' precedent, the failure to pay wages is a violation of the MWPCL. ECF No. 11 at 3. Defendant acknowledges that, under Maryland case law, Plaintiffs may bring *overtime* claims under the MWPCL. ECF No. 16 at 1.[2] However, Defendant continues to challenge whether the MWPCL applies to minimum wage claims. *Id.*

"[I]t is well-settled that the federal courts are bound by the interpretation placed on state statutes by the highest courts of the state." *Wetzel v. Edwards*, 635 F.2d 283, 289 (4th Cir. 1980).

---

[2] Defendant partially withdrew its motion to dismiss the MWPCL claims as they relate to overtime wages, citing *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 97 A.3d 621 (Md. 2014).

With that understanding, this Court turns to a recent decision where the Maryland Court of Appeals addressed the issue raised by Defendant. *Marshall v. Safeway*, 437 Md. 542, 88 A.3d 735 (Md. 2014). There, the Maryland Court of Appeals found that the MWPCL generally provides an employee with a cause of action against an employer, not just for the failure to pay wages on time, but also for "the refusal of employers to pay wages lawfully due." *Id.* at 561–62, 88 A.3d at 746. In explaining the MWPCL, Maryland's highest court stated, "what the timing relates to is what must be paid—all compensation that is due." *Id.* at 560, 88 A.3d. at 745. The Maryland Court of Appeals reasoned that unlawfully withholding any part of a wage violates the MWPCL's provision that wages must be paid on time. *Id.*

At least one court in this district has already recognized that, under the *Marshall* opinion, the MWPCL covers not only the timing of payment, but also the general entitlement to wages. *See Mould v. NJG Food Service Inc.*, 2014 WL 1430696 at *1, JKB 13-1305 (D. Md. April 11, 2014). In a later opinion in the same case, the court further explained that the Maryland Court of Appeals has now made it clear that the MWPCL "grants employees a private right of action where an employer fails to pay wages lawfully due." *Mould v. NJG Food Service, Inc.*, 2014 WL 2768635 at *4, JKB-13-1305 (D. Md. June 17, 2014) (*Mould II*).

Moreover, in August of this year, the Maryland Court of Appeals reiterated the reach of the MWPCL in *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 97 A.3d 621 (Md. 2014). There, the Court of Appeals explained:

> Maryland has two wage enforcement laws . . . the [M]WHL and the [M]WPCL. The [M]WHL aims to protect Maryland workers by providing a minimum wage standard. The [M]WPCL requires an employer to pay its employees regularly while employed, and in full at the termination of employment. Read together, these statutes allow employees to recover unlawfully withheld wages from their employer, and provide an employee two avenues to do so.

*Id.* at 646, 97 A.3d at 624–25.

As discussed above, Defendant acknowledges that, under this authority, an employee may bring a MWPCL *overtime* wage clam, but Defendant seeks to make a distinction between the failure to pay overtime and the failure to pay minimum wages. ECF No. 16 at 1.[3] No such distinction can be found in the relevant authority. *See Marshall* 437 Md. at 561–62, 88 A.3d at 746 (finding the MWPCL provides an employee with a cause of action against an employer for "refusal to pay wages lawfully due"); *Peters*, 439 Md. at 646, 97 A.3d at 624–25 (finding employees can use the MWPCL to recover unlawfully withheld wages from their employer). In line with Maryland's recent precedent, this Court finds that the MWPCL permits an employee, who alleges that he was not paid wages, to bring a claim under both the MWHL and the MWPCL. This is true whether the unpaid wages take the form of a failure to pay overtime wages or a failure to pay minimum wages.

   b.   **FLSA Preemption**

In addition to contending that the MWPCL does not cover Plaintiffs' minimum wage claims under the MWPCL, Defendant also asserts that the FLSA preempts Plaintiffs' minimum and overtime wage claims under the MWPCL. ECF No. 12 at 3–4. Federal law may preempt state law by conflict preemption. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 191 (4th Cir. 2007). This preemption can occur when "the state law stands as an obstacle to the accomplishment of the full purposes and objectives of federal law." *Id.* at 191–92 (citation and internal quotation marks omitted).

---

[3] Defendant also contends that the *Marshall* opinion concerns MWPCL, Md. Code, LE § 3-507.2 and is not applicable to this case because the Plaintiffs do not specifically cite this provision in their Complaint. However, this provision simply provides employees with a right to file a suit in court for violations of certain provisions of the MWPCL. Thus, there is no basis upon which to believe that the failure to cite this specific provision negates the applicability of the *Marshall* opinion to Plaintiffs' claims.

The federal law at issue in this case is the FLSA. "The FLSA provides an 'unusually elaborate' enforcement scheme." *Kendall v. City of Chesapeake*, 174 F.3d 437, 443 (4th Cir. 1999). The FLSA provides for a private right of action for the enforcement of FLSA rights. *Id.* With regard to remedies for a violation of the FLSA, the statutory scheme allows for criminal penalties, supervised payment of unpaid wages due, liquidated damages, injunctive relief, and costs and attorney's fees. *Anderson*, 508 F.3d at 192; *see also* 29 U.S.C. §§ 215–217. With these statutory provisions, ". . . Congress prescribed exclusive remedies in the FLSA for violations of its mandates." *Anderson*, 508 F.3d at 194. Thus, under the doctrine of conflict preemption, a plaintiff cannot enforce their FLSA rights through means other than an FLSA action. *See id.* at 193–95.

Although a state cannot create additional remedies for an FLSA violation, a state may enact laws that provide the same or additional protections for employees beyond the minimum requirements established by the FLSA so long as the state statutory scheme creates both the right and the mechanism for enforcement. *Butler v. DirectSat USA, LLC*, 800 F.Supp. 2d 662, 671 (D. Md. 2011). Indeed, the FLSA specifically permits states to establish a minimum wage higher than the minimum wage under the FLSA. 29 U.S.C. § 218(a). This is why Maryland's Wage and Hour Law ("MWHL") is not preempted by the FLSA; the MWHL provides both rights to certain wage and hour conditions (which are at least equivalent to the minimum FLSA requirements) and its own remedy for violation of those rights.[4] *See Butler*, 800 F.Supp. 2d at 672.

Looking to the MWPCL, that law mandates that wages be paid but does not set out a wage rate. Thus, a violation of the MWPCL depends entirely on violation of another law, either

---

[4] Although an employee cannot recover twice for the same injury, the employee may be entitled to the additional relief provided by the MWHL for violations of the MWHL that may also be violations of the FLSA. *See Butler*, 800 F. Supp. 2d at 671.

the MWHL or the FLSA, which set wage rates. If a MWPCL action is based exclusively on the failure to pay the wage rate set out in the FLSA, it would effectively be an attempt to enforce the FLSA through a non-FLSA action. Because Plaintiffs cannot enforce their FLSA rights through means other than an FLSA action, the FLSA preempts that type of MWPCL action. *See Mould II*, 2014 WL 1430696 at *2–3 (dismissing MWPCL overtime claims based on FLSA preemption when MWHL overtime claims had been dismissed and the MWPCL overtime violation was based exclusively on the FLSA overtime rate). However, if a MWPCL violation is based on the wage rate set forth in the MWHL, the MWPCL claims are based on a Maryland law and therefore not preempted by the federal FLSA. *See Mould II*, 2014 WL 1430696 at *3 (denying motion to dismiss MWPCL minimum wage claims because the minimum wage claims were based, in part, on state law (the MWHL)).

In this case, Plaintiffs have alleged violation of the FLSA, the MWHL, and the MWPCL for failure to pay minimum wages. *See* ECF No. 3. As such, Plaintiffs MWPCL minimum wage claims may be based on the rate set out in the MWHL. Thus, the MWPCL minimum wage claims do not exclusively depend on the FLSA, as Defendant suggests, and are not preempted by the FLSA. However, with regard to overtime wages, Plaintiffs have alleged violation of the FLSA and the MWPCL only. *See* ECF No. 3; *see also* ECF No. 11 at 1 n. 1 ("Due to the 'restaurant' overtime exemption contained in the Maryland statute, the Plaintiffs are not claiming unpaid overtime pursuant to the MWHL."). Just as in *Mould II*, 2014 WL 1430696 at *2–3, Plaintiffs' MWPCL overtime claims are based solely on the wage rate set out in the FLSA and thus amounts to an attempt to enforce the FLSA through the MWPCL. The FLSA preempts Plaintiffs' MWPCL overtime claims.

IV.	CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss against Plaintiffs' MWPCL claims (ECF No. 9) is GRANTED in part and DENIED in part. Plaintiffs' MWPCL minimum wage claims remain. Plaintiffs' MWPCL overtime wage claims are DISMISSED.

A separate Order shall issue.

Dated: October 10, 2014

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE