IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| EVELYN CHAVEZ, *et al.* | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-14-1338 |
| BESIE'S CORP. | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs Evelyn Chavez, Karla Lizama, Jerry Calderon Argueta, Dinora Melendez, Brenda Campos, and Angelica Albizurez filed this action against their former employer Besie's Corp., seeking damages and other relief for Besie's Corp.'s alleged failure to pay them minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq.* ECF No. 1. Besie's Corp. answered the Complaint and filed a Motion to Dismiss Plaintiffs' MWPCL claims. *See* ECF Nos. 8 & 9. The Court granted, in part, and denied, in part, the motion. *See* ECF Nos. 18 & 19. At the Rule 16 Scheduling Conference, the parties requested an opportunity to conduct limited discovery prior to the entry of a formal Scheduling Order in an effort to resolve the case while limiting litigation costs. The request was granted. *See* ECF No. 22.

The parties now jointly move for approval of a settlement agreement and dismissal of the action with prejudice. ECF No. 27. The Court has reviewed the Complaint, the Answer filed by

1

Defendant, the Motion to Dismiss MWPCL claims and the Opposition thereto, the parties' Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice, the Settlement and General Release Agreement, and the Itemization of Attorneys' Fees. ECF Nos. 1, 8–12, & 27. For the reasons explained below, the Court finds that a *bona fide* dispute exists regarding liability under the FLSA, the settlement agreement is a fair and reasonable compromise of the dispute, and the attorney's fees are reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Lopez v. NTI, LLC*, 748 F.Supp. 2d 471, 478 (D. Md. 2010); *Leigh v. Bottling Group, LLC*, DKC-10-0218, 2012 WL 460468 at * 4 (D. Md. Feb. 10, 2012). Therefore, the Court will GRANT the motion and instruct the clerk to CLOSE this case.

I. **FACTUAL BACKGROUND**

Plaintiffs worked for the Defendant at one of its three restaurants (the Gaithersburg, Maryland location). ECF No. 3 at ¶¶ 1–2 & ECF No. 27-1 at 1. The following chart represents the total hours (with a separate column representing overtime hours) that each Plaintiff claims to have worked during the three years preceding this lawsuit, the minimum wages that each Plaintiff believes they should have been paid, and the overtime wages that each Plaintiff believes they should have been paid. ECF No. 3 at ¶¶ 5–8.

| Plaintiff | Total Hours | Overtime Hours | Minimum Wages Earned | Overtime Wages Earned |
|---|---|---|---|---|
| Melendez | 2,420 | 660 | $17,545.00 | $2,393.00 |
| Albizurez | 1,440 | 680 | $10,440.00 | $2,465.00 |
| Chavez | 3,075 | 507 | $22,294.00 | $1,838.00 |

| Campos  | 4,716 | 1,890 | $34,191.00 | $6,851.00 |
| Argueta | 2,400 | 400   | $17,400.00 | $1,450.00 |
| Lizama  | 1,440 | 160   | $10,440.00 | $580.00   |

Plaintiffs agree that Defendant paid some of the Plaintiffs a small amount of money during the course of the employment, but Plaintiffs believe that the amount did not collectively exceed $5,000.00 in addition to tips. *Id.* at ¶ 10–11.

## II. DISCUSSION

### A. FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, PWG-13-3496, 2014 WL 2174751 at *2 (D. Md. May 23, 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (italics not in original). To do so, courts examine whether there are FLSA issues actually in dispute, the fairness and reasonableness of the

settlement, and the reasonableness of the attorney's fees. *Duprey*, 2014 WL 2174751 at *2 (internal citations omitted). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (*citing Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

### B. *Bona Fide* Dispute

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *Lomascolo v. Parsons Brinkernofff, Inc.*, 1:08cv1310, 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009). Here, the parties indicate that they disagree over the number of hours Plaintiffs worked, whether Defendant would receive a "tip credit" under the FLSA provisions, whether certain Plaintiffs would be precluded from receiving damages due to their undocumented worker status, whether Defendant's failure to pay Plaintiffs on time was due to Defendant's actions or Plaintiffs' actions, and whether Defendant acted in good faith. *See* ECF No. 27-1 at 3–6; *see also Lopez*, 748 F.Supp. 2d at 478 ("[FLSA settlements] reflect many factors that may be in play as the parties negotiate, including disagreements over the number of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer."). Specifically, both parties agree that the lack of any written time sheets created uncertainty surrounding the amount of hours worked, payments owed, and tips received for the Plaintiffs. *See* ECF No. 27 at 4–6. Thus, recognizing that this settlement is taking place at an early stage in this litigation, the Court finds that a *bona fide* dispute exists as to Defendant's liability under the FLSA.

### C. Fair & Reasonable

In determining whether a settlement of FLSA claims is fair and reasonable, the Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 WL 3094955 at *10. Here, the parties have propounded and responded to limited discovery requests. *See* ECF No. 27-1 at 2–3 & ECF No. 22. Given the current stage of the litigation, significant expenses would be incurred if the parties continued with formal discovery, dispositive motions, and possibly trial. *See, e.g., Saman v. LBDP*, DKC-12-1083, 2013 WL 2949047 at *3 (D. Md. June 13, 2013). Additionally, there has been no evidence to suggest any fraud or collusion in the settlement, and counsels' filings demonstrate their competence and experience. *See* ECF No. 27-1 at 2 ("Over a span of a few months, [P]laintiffs[] presented settlement demands and counter-demands, and [D]efendant responded with offers and counter-offers."). "[Plaintiffs'] counsel, Mr. Batt, is a named partner at the firm of Sullivan, Talbott, & Batt and has practiced in the area of labor and employment law in Maryland for more than 20 years. . . . [and D]efendant's counsel, Mr. Bohn, is a named partner in the firm of Bohn & Kouretas, PLC, and has practiced in the area of labor and employment law in Maryland for more than 15 years." *Id.* at 6–7.

Finally, the settlement agreement entitles Plaintiffs to $65,992.76. *See* ECF No. 27-2. According to the parties, this compensates Chavez and Campos for all unpaid minimum and

overtime wages and provides liquidated damages at 60% of unpaid wages and overtime. *See* ECF No. 27-1 at 4. It compensates the remaining Plaintiffs—Lizama, Argueta, Melendez, and Galindo—for the difference between the hours Plaintiffs claimed to have worked and the hours Defendant claims to have previously paid. *Id.*

Although the settlement agreement contains a general release of claims beyond those in the Complaint, and a general release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *Duprey*, 2014 WL 2174751 at *4. The Court finds that $65,992.76 is reasonable for the release executed.

### D. Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (*citing Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984).

Here, Mitchell I. Batt represents Plaintiffs. He spent 58.25 hours on this case at the rate of $375.00 per hour, resulting in $21,843.75 in legal fees. *See* ECF No. 27-4. Mr. Batt also incurred $778.68 in costs. Defendant has agreed to pay $21,843.75 in legal fees and $778.68 in costs in addition to the $65,992.76 paid to Plaintiffs. *See* ECF No. 27-2. Mr. Batt's $375.00 hourly rate is consistent with this Court's rules and guidelines for determining attorney's fees, which notes a guideline range of $300.00–$475.00 per hour for attorneys with twenty or more years of

experience. *See* Loc. R. App. B.3. Further, Mr. Batt worked with six plaintiffs in this case. He performed calculations based on Plaintiffs' claims, sent a demand letter to Defendant, drafted and filed the Complaint in April 2014, drafted an opposition to Defendant's motion to dismiss, propounded discovery on Defendant, drafted responses to Defendant's written discovery requests, met with Plaintiffs on several occasions, engaged in settlement discussions with Defendant, and assisted in drafting the settlement agreement. *See* ECF No. 27-4. Mr. Batt also did not include a number of smaller activities that he engaged in for this case, such as phone calls and email correspondences, when he calculated the hours he worked on this case. *See* ECF No. 27-1 at 7. The time expenditure of 58.25 hours is reasonable given the work completed. In light of the facts of this case and the disputes explained above, the Court finds the attorney's fees to be fair and reasonable under the lodestar approach.

### III. CONCLUSION

Upon review of the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the settlement appears to be a fair and reasonable compromise of a *bona fide* dispute. The parties agreed to settle at an early stage of the litigation to avoid costs of further litigation and discovery. The settlement is a product of arms-length negotiation between parties represented by experienced counsel. Therefore, the Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice, ECF No. 27, is GRANTED.

A separate Order shall issue.

Dated: April 3, 2015

GEORGE J. HAZEL
United States District Judge